## PEOPLE v. EDDIE SMITH

1. CRIMINAL LAW—LINEUP—RIGHT TO COUNSEL—ILLEGAL LINEUP—IN-COURT IDENTIFICATION—ADMISSIBILITY.

   An accused has the right to have counsel present during lineup proceedings and when an accused is not afforded counsel at a lineup, a separate evidentiary determination must be made to determine whether any subsequent in-court identification is tainted by the illegal lineup; if the in-court identification does not have an independent source and is thus tainted by the illegal lineup, the identification must be excluded.

2. CRIMINAL LAW—LINEUP—ABSENCE OF COUNSEL—IN-COURT IDENTIFICATIONS—ADMISSIBILITY—EVIDENTIARY HEARING.

   Denial of defendant's right to counsel at an identification lineup

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 313. 368.

and admission of in-court identification of defendant by witnesses who had attended the lineup necessitated remand for a separate evidentiary hearing to determine if the identifications had sources independent of the lineup where the appellate court could not, based on the record, make an informed judgment whether the identifications had independent source or were harmless beyond a reasonable doubt; if the trial court finds that the illegal lineup did not taint the in-court identifications, defendant's conviction is affirmed; otherwise, defendant is entitled to a new trial.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 June 8, 1971, at Grand Rapids. (Docket No. 10562.) Decided July 27, 1971.

Eddie A. Smith was convicted of armed robbery. Defendant appeals. Remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William A. Shaheen, Jr.,* for defendant on appeal.

Before: R. B. Burns, P. J., and Fitzgerald and J. H. Gillis, JJ.

Fitzgerald, J. Defendant appeals as of right his jury conviction of armed robbery, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). He is now serving a 25-to 35-year prison term for that offense.

On January 18, 1968, an armed robbery occurred at a party store in the City of Flint. On January 25, 1968, the police received an anonymous tip that defendant was involved in the robbery. Photographs of defendant were obtained and shown, along with other photographs, by the police to two

witnesses of the robbery. Both witnesses stated that the appearance of defendant was similar to that of the person who committed the robbery.

Defendant was arrested and placed in two lineups. At no time was he warned that he had a right to the presence of counsel at the lineup. There was, in fact, no attorney present representing defendant when he was placed in the lineups. Defendant was identified as the perpetrator at both of the lineups.

Jury trial began on June 14, 1968, and after the jury was selected, defendant's attorney made a motion to exclude any in-court identifications of the defendant by the two witnesses who identified defendant at the lineup. Defendant's attorney argued that because defendant had no counsel present at the lineup, the prosecution could not use any in-court identifications unless the prosecution showed by clear and convincing evidence at a separate hearing that such in-court identifications would not be tainted by the illegal lineup. The trial court denied defendant's motion and therefrom arises this appeal.

There is no doubt that an accused has the right to have counsel present during lineup proceedings. *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). When, as here, the accused is not afforded counsel at the lineup, a determination must be made as to whether any subsequent in-court identification is tainted by the illegal lineup. If a separate hearing shows that the in-court identification does not have an independent source and thus is tainted by the illegal lineup, the identification must be excluded. *Wade, supra.*

In the instant case, the trial judge informed defendant's counsel that he could cross examine the witnesses concerning their identifications of the accused. This solution, however, placed defendant's

counsel in the precise dilemma that the *Wade* decision sought to avoid.

"Counsel is then in the predicament in which Wade's counsel found himself—realizing that possible unfairness at the lineup may be the sole means of attack upon the unequivocal courtroom identification, and having to probe in the dark in an attempt to discover and reveal unfairness, *while bolstering the government witness' courtroom indentification by bringing out and dwelling upon his prior identification.*" 388 US at 240 (87 S Ct at 1939, 18 L Ed 2d at 1165). (Emphasis supplied.)

Clearly, the best solution, and the one required by *Wade*, is to hold a separate hearing out of the presence of the jury in which the prosecution must be able to "establish by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identfication". 388 US at 240 (87 S Ct at 1939, 18 L Ed 2d at 1164).

When, as here, the record on appeal does not permit an informed judgment that the in-court identifications had independent sources, or were harmless beyond a reasonable doubt, the case should be remanded for an evidentiary hearing. *Gilbert* v. *California* (1967), 388 US 263 (87 S Ct 1951, 18 L Ed 2d 1178); *People v. Hutton* (1970), 21 Mich App 312, 325.

We therefore remand this case for a hearing to determine whether or not the in-court identifications had sources independent of the illegal lineup or were harmless beyond a reasonable doubt. If the trial court so finds, the conviction is affirmed. If it does not, then defendant is entitled to a new trial.

Remanded.

All concurred.